UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRIE J. KAMM, | § | |
| | § | |
| Plaintiff and Counter-Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| THE NORTHWESTERN MUTUAL | § | |
| LIFE INSURANCE COMPANY, | § | |
| | § | CIVIL ACTION NO. 3:13-CV-0710-B |
| Defendant and Counter/Third- | § | |
| Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SOUTHERN STRUCTURES, INC., | § | |
| | § | |
| Third-Party Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Third-Party Defendant Southern Structures, Inc.'s ("SSI") Motion to

Transfer Venue (doc. 24), filed June 18, 2013.  For the reasons stated below, the Court finds that

SSI's Motion should be and hereby is **GRANTED**.

## I.

## BACKGROUND

This case arises out of a breach of contract dispute between Plaintiff and Defendant The

Northwestern Mutual Life Insurance Company ("Northwestern Mutual"). Plaintiff claims to be the

rightful owner and beneficiary of a life insurance policy (the "Policy") that Northwestern

- 1 -

Mutual issued on the life of Stefan Leonpacher ("Leonpacher"),[1] a former executive of SSI. Because of competing claims as to the Policy's proceeds, Northwestern Mutual has not released the funds to Plaintiff.

Since its issuance, the Policy has had three named owners. In February 2003, SSI applied for and was named the original owner and beneficiary of the Policy. Mot. Trans. 2. In June 2005, ownership changed from SSI to Leonpacher ("the 2005 Ownership Change"). *Id.* at Ex. 12. This transfer was made pursuant to an Owner Designation Form that was executed by Larry Blanchet, *id.*, the principal and president of Young Street Development, LLC, a company that purchased SSI's assets (including the Policy) following SSI's 2004 bankruptcy. *Id.* at Ex. 9. In October 2010, ownership of the Policy changed a second and final time when Leonpacher completed a separate Owner Designation Form to transfer the Policy from himself to Plaintiff. *Id.* at Ex. 14. On the same day, Plaintiff designated herself as the primary beneficiary. *Id.* at Ex. 15.

Leonpacher died on September 23, 2012, and Plaintiff submitted a claim to Northwestern Mutual for proceeds under the Policy. On September 28, 2012, Northwestern Mutual received notice of a challenge to Plaintiff's claim,[2] in which it was alleged that the 2005 Ownership Change from SSI to Leonpacher was invalid, making the subsequent transfer of ownership and designation of beneficiary to Plaintiff similarly void. Northwestern Mutual First Am. Countercl. ¶ 12. Thereafter, on November 16, 2012, Alfred Leonpacher (Leonpacher's father) and Jenifer Leonpacher

---

[1] The Policy bears the number 16-348-444 and has a death benefit of $2,000,000.00. Mot. Trans. Ex. 1.

[2] It is unclear from the pleadings whether the challenge came from SSI or Leonpacher's family.

(Leonpacher's sister) began proceedings in Louisiana state court to undo the 2005 Ownership Change.[3] *See* Mot. for Order Rev. Because Leonpacher had been under full interdiction at the time of the 2005 Ownership Change,[4] and neither Mr. Leonpacher (as curator) nor Ms. Leonpacher (as undercurator) had consented thereto, they moved the court to rescind the transfer. *Id.* Both Northwestern Mutual and Plaintiff were joined in the proceeding. *Id.*

In light of these competing claims, Northwestern Mutual did not release the Policy's proceeds to Plaintiff. Consequently, on January 22, 2013, Plaintiff sued Northwestern Mutual in Texas state court for breach of contract.[5] *See* Pl.'s Orig. Pet. Northwestern Mutual subsequently removed the case to this Court (doc. 1) and filed its Answer, Counterclaim and Third Party Complaint for Interpleader (doc. 3) against Jenifer Leonpacher, Alfred Leonpacher, and SSI. In addition, it filed its Motion for Leave to Deposit Interpled Funds into the Registry of the Court (doc. 4). The Court granted Northwestern Mutual's motion (doc. 10) but did not discharge Northwestern Mutual from the case. On June 18, 2013, following Jenifer Leonpacher and Alfred Leonpacher's agreement to stay their case in Louisiana state court and to waive any claim to the Policy, Northwestern Mutual amended its pleading (doc. 26) to assert its third-party complaint solely against SSI. That same day

---

[3] Alfred and Jenifer Leonpacher filed their "Motion for Order Revoking / Rescinding Transfer / Donation to Interdict During Interdiction" in *In the Matter of the Interdiction of Stefan A. Leonpacher*, 2005-0546 (La. 15th Dist. Ct.).

[4] A state district judge in Lafayette, Lousiana found Leonpacher to be mentally incompetent and placed him under full interdiction on March 11, 2005. At that time Alfred Leonpacher and Jenifer Leonpacher were named his curator and undercurator, respectively. *In the Matter of the Interdiction of Stefan A. Leonpacher*, 2005-0546 (La. 15th Dist. Ct. 3/11/05).

[5] *Kamm v. The Northwestern Mutual Life Insurance Company*, No. DC-13-00851-I, was filed in the 162nd Judicial District, Dallas County, Texas.

SSI filed the present Motion to Transfer. Plaintiff responded (doc. 29) on July 9, 2013, and SSI replied (doc. 31) on July 23, 2013. Northwestern Mutual has not responded to the present Motion.[6] It is now ripe for review.

## II.

## LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district or division where the action could have been brought originally, provided the transfer would be for the convenience of parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). The burden falls upon the movant to demonstrate why the alternate venue is more appropriate. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (en banc); *Calloway v. Triad Fin. Corp.*, Civil Action No. 3:07-CV-1292-B, 2007 WL 4548085, at *2 (N.D. Tex. Dec. 27, 2007). To meet this burden, the movant must first prove that the plaintiff could have originally filed his complaint in the transferee venue. *In re Volkswagen*, 545 F.3d at 312; *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). Next, the defendant must show good cause as to why the action should be sent to the transferee venue. *In re Volkswagen*, 545 F.3d at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). "[T]o show good cause means the moving party, in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or

---

[6] On August 5, 2013, Northwestern Mutual filed its Motion for Summary Judgment on Its Interpleader Claim (doc. 32), requesting the Court dismiss it from the suit, award it reasonable attorneys' fees and court costs, and also order that Plaintiff and SSI take nothing on any claims they have or could have against Northwestern Mutual. Mot. Summ. J. 12. Pursuant to this Order, Northwestern Mutual's motion will be transferred to the Western District of Louisiana for decision.

the convenience of parties and witnesses, in the interest of justice.'" *In re Volkswagen*, 545 F.3d at 315 (quoting 28 U.S.C. § 1404(a)).

In assessing the interests of convenience and justice, courts look to a series of private and public factors. *In re Volkswagen*, 545 F.3d at 315 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)). "The private interest factors are: 'the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *In re Volkswagen*, 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. The balance of these factors must clearly weigh in favor of transferring to the new venue. *Id.* If the transferee venue "is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." *Thomas v. City of Fort Worth*, Civil Action No. 3:07-CV-1689-O, 2008 WL 4225556, at *2 (N.D. Tex. Sept. 15, 2008) (internal quotations omitted).

## III.

## ANALYSIS

Third-Party Defendant SSI seeks to transfer venue to the Western District of Louisiana. As set forth above, SSI must therefore prove both that the case could originally have been brought in that district and that the balance of private and public interest factors clearly favors transfer.

A.       *Motions to Transfer by Third-Party Defendants*

Before the Court determines whether SSI has met its burden, it will first discuss the difference, for purposes of motions to transfer, between third-party defendants who have been impleaded pursuant to Fed. R. Civ. P. 14 and those who have been interpleaded under 28 U.S.C. § 1335 or Fed. R. Civ. P. 22. Not only is this distinction critical to the Court's analysis below, it also addresses a point raised briefly by the Plaintiff in her Response.

A motion to transfer venue filed by a third-party defendant represents an "atypical" situation. *See Lafargue v. Union Pac. R.R.*, 154 F. Supp. 2d 1001, 1004 (S.D. Tex. July 31, 2001); *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 209 (5th Cir. 1996). Indeed "there is very little case law on the issue of whether a third-party defendant may move for transfer of venue under § 1404(a)." *Nalco Co. v. Environmental Mgmt., Inc.*, 694 F. Supp. 2d 994, 997 (N.D. Ill. March 8, 2010). In the Court's review of existing case law it has found that many cases focus on third-party defendants who have been impleaded under Rule 14. For these defendants, courts maintain that "statutory venue limitations have no application . . . even if they would require the third-party action to be heard in another district had it been brought as an independent action." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1445 (3d ed. 2010). This is because "the [Rule 14] third-party defendant is protected against an inconvenient or oppressive forum by the requirement that the court have personal jurisdiction over [him] and [by] the court's ability to take account of venue considerations when exercising its discretion to decide whether to disallow impleader or to sever the third-party claim." *Id.* This is not to suggest that Rule 14 third-party defendants are barred from bringing such motions altogether. Rather, it is to point out

that "a [Rule 14] third-party defendant generally cannot successfully move to transfer venue based upon its convenience, as personal jurisdiction is the third-party defendant's principal protection against suit in an inconvenient forum." *Lafargue*, 154 F. Supp. 2d at 1004.

This is not so for third-party defendants who have been interpleaded under Rule 22 or 28 U.S.C. § 1335. For third-party defendants in interpleader actions "[q]uestions relating to the propriety of venue . . . should be resolved as are similar questions that arise in other contexts." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1712 (3d ed. 2001). In other words, in interpleader cases "[w]hen a party seeks transfer to a more convenient forum, the considerations governing the request are the same as those in other actions, except that no weight will be given to the stakeholder-plaintiff's choice of forum if the stakeholder is disinterested and thus will be discharged from the action." *Id.* Thus there appears no distinction between third-party defendants and other parties who move for transfer of venue in interpleader actions. If "the convenience of the parties and other factors bearing on the efficient and just adjudication of the dispute . . . dictate," then "the case should be transferred pursuant to Section 1404(a) of Title 28 to a district where it could have been brought as an original matter." *Id.*

Given this difference between impleaded and interpleaded third-party defendants, Plaintiff's oblique argument that SSI is not permitted to move for transfer under § 1404(a) is inapposite. *See* Pl.'s Resp. 6-7. Though Plaintiff is correct that third-party defendants generally cannot successfully move to transfer venue based on convenience, *id.*, her argument here fails because this statement (and the authorities on which she relies) concern third-party defendants who have been impleaded under Fed. R. Civ. P. 14. In the present matter SSI has been interpleaded. *See* Northwestern Mutual

First Am. Countercl. For this reason, the Court will consider SSI's motion under the customary §

1404(a) analysis.

B.      *Transferee Venue*

To support its motion,  SSI must first demonstrate that this case could have originally been

brought in the venue to which it seeks transfer. *See In re Horseshoe Entm't*, 337 F.3d at 433. SSI

argues that Plaintiff's underlying breach of contract case (and Northwestern Mutual's subsequent

interpleader) could have been brought in the Western District of Louisiana because all of the

relevant documents, transactions, and operative facts arose in Louisiana. *See* SSI Reply 6; Mot.

Trans. 6. Plaintiff disagrees and argues that the conduct that gave rise to the contract dispute

occurred in Texas. *See* Pl.'s Resp. 17. Further, she claims that SSI has provided no evidence of

"continuous and systematic" contact between Northwestern Mutual and Louisiana to support

personal jurisdiction. *Id.* Thus, she maintains SSI has failed to satisfy its initial burden with respect

to its motion.

In responding to the parties' arguments, the Court must first make clear that venue and

jurisdiction are two separate issues. Jurisdiction refers to the Court's power to adjudicate a matter

in controversy (subject matter jurisdiction) and to bind particular parties to its judgment (personal

jurisdiction). Venue, on the other hand, is simply the selection of the forum where the Court's power

may be properly exercised. As these are independent requirements, the Court will analyze the

parties' arguments with respect to each separately.

1.      Personal Jurisdiction

Plaintiff's assertion that a Louisiana federal court would lack personal jurisdiction over Northwestern Mutual is without merit. In a diversity case such as this, "a federal court has personal jurisdiction over a nonresident defendant to the same extent that a state court in that forum has such jurisdiction." *Wilson v. Belin*, 20 F.3d 644, 646 (5th Cir. 1994). The reach of either court's jurisdiction is limited by: (1) the state's long-arm statute and (2) the Due Process Clause of the Fourteenth Amendment. *Id.* Louisiana's long-arm statute has been interpreted by the Fifth Circuit to be co-extensive with the Due Process Clause, and thus the statutory and constitutional inquiries regarding jurisdiction merge.[7] *See Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990). "The due process clause limits the courts' power to assert personal jurisdiction over non-resident defendants to situations in which they engage in 'certain minimum contacts' with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "When a cause of action arises out of the defendant's purposeful contacts with the forum, minimum contacts are found to exist and the court may exercise 'specific' jurisdiction." *Dalton*, 897 F.2d at 1361 (citing *World-*

---

[7] Specifically, Louisiana's statute provides:

    A.    A court may exercise personal jurisdiction over a non-resident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the non-resident:

        (1)    Transacting any business in the state; or

        (2)    Contracting to supply services or things in this state . . .

    B.    In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

La. Rev. Stat. Ann. § 13:3201 (West 2013).

*Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)). Where a cause of action does not arise out of such purposeful contacts with the forum, due process requires the defendant have engaged in "continuous and systematic contacts" in the forum to support a court's "general" jurisdiction over him. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984).

"Qualification to do and doing business in Louisiana is sufficient 'minimum contacts' to confer jurisdiction on Louisiana courts." *Morse v. Hartford Cas. Ins. Co.*, 301 So. 2d 741, 744 (La. Ct. App. 1974) (citing *Smith v. Globe Indemnity Co.*, 243 So. 2d 882 (La. Ct. App. 1971), abrogated on different grounds by *Fox v. Bd. of Supervisors of La. State Univ. and Agric. and Mech. Coll.*, 576 So. 2d 978 (La. 1991)). There is no dispute that Northwestern Mutual is qualified to do and in fact does business in Louisiana. Indeed Northwestern Mutual has an office in Louisiana from which it repeatedly interacted with the parties and otherwise availed itself of the benefits of the state's laws. *See de Reyes v. Marine Mgmt. and Consulting, Ltd.*, 586 So. 2d 103, 109 (La. 1991). Finally, pursuant to the Louisiana Insurance Code, which has been held to be sufficiently broad to vest Louisiana courts with jurisdiction over matters involving "minimum contacts," Northwestern Mutual has necessarily appointed the secretary of state to be its true and lawful attorney in Louisiana. *See* La. Rev. Stat. § 22:335 (West 2013) (renumbered from La. Rev. Stat. § 22:985 by Act of 2008, No. 415, § 1, eff. Jan. 1, 2009); *Morse*, 301 So. 2d at 743. For these reasons it is clear that Louisiana courts would have personal jurisdiction over Northwestern Mutual in the present matter.

2.    Venue

Having determined a federal court in Louisiana would have personal jurisdiction over Northwestern Mutual, the Court now considers whether Plaintiff's underlying breach of contract dispute could have been brought in the Lafayette Division of the Western District of Louisiana.

- 10 -

28 U.S.C. § 1391(b) provides that a civil action may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. A defendant that is a corporation "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State . . . ." 28 U.S.C. § 1391(d).

Despite Plaintiff's contentions otherwise, the Court finds that a "substantial part of the events" giving rise to the claim of breach of contract did occur in the Western District of Louisiana. 28 U.S.C. § 1391(b)(2). It is undisputed that the Policy was issued in Lafayette, Louisiana. *See* SSI Countercl. ¶ III. Further all subsequent events and transfers of ownership that potentially undermine Plaintiff's status as owner and beneficiary of the Policy similarly occurred in the Western District. *See* Mot. Trans. Exs. 9, 11. For these reasons, the Court finds a sufficient portion of the events occurred in Western District of Louisiana such that the case could have been brought there.

C.    *Interest of Justice*

Next, the Court must weigh the private and public interest factors to determine whether the transferee venue clearly serves "the  convenience of the parties and witnesses, in the interest of justice." *In re Volkswagen of America, Inc.*, 545 F.3d at 315 (citing 28 U.S.C. § 1404(a)).

1.    Private Factors

a.    *Ease of access to sources of proof*

- 11 -

SSI argues that "no proof whatsoever [is] located in the Northern District of Texas, and virtually all of the proof in this case is located in Louisiana." Mot. Trans. 13. In particular, it notes that Northwestern Mutual agent files and the contents of court proceedings related to SSI's bankruptcy and Leonpacher's interdiction are located in Louisiana. *Id.* at 13-14. Further, key witnesses such as Larry Blanchet, Marcy Dauphine (who provided Mr. Blanchet with the 2005 Owner Designation form to sign), and Dawn Duhon (who worked for Mr. Blanchet at Young Street Development, LLC) are all residents of Louisiana. SSI Reply 8. In response, Plaintiff argues that SSI has failed to show that transfer would provide easier access to the proof in this case. Pl.'s Resp. 19-20. She claims that, by virtue of SSI's comments that the case involves uncontested facts and Blanchet does not recall signing the Ownership Designation Form, there is no reason to transfer the case. *Id.* The Court finds this response unconvincing as Plaintiff does not contradict, let alone address, the fact that the documentary evidence for this case is in Louisiana. Because the location of these documents is undisputed and there is no indication any other evidence is in Texas, the Court finds that this factor weighs in favor of transfer.

   b.     *Availability of compulsory process to secure attendance of witnesses*

SSI claims that compulsory process will be required to secure attendance of certain witnesses, including Larry Blanchet. Mot. Trans. 14. Further, any documents in Blanchet's or his company's possession might be subject to compulsory process. *Id.* Plaintiff counters that Blanchet's testimony is "close to irrelevant to any issue likely to arise in this matter." Pl.'s Resp. 20. Further, she alleges that SSI has submitted no evidence that would suggest the Court should grant a motion to transfer based on Blanchet's convenience. *Id.*

The Court finds that this factor again weighs in favor of transfer. Both parties agree that this case turns on the validity of the 2005 Ownership Change. Moreover, they agree that Blanchet signed the Ownership Designation Form that prompted the transfer. Finally, as Plaintiff herself points out, "Blanchet and/or a representative, acting in the capacity as owner of the Policy, discussed the Policy and asked Northwestern Mutual to prepare the Owner Designation Form." Pl. Resp. 20. Given these facts, it seems clear that Blanchet's testimony–and any documents in his possession–would be relevant to the proceeding. Indeed, it was his actions that potentially undermined Plaintiff's subsequent designation as owner and beneficiary. As a resident of Youngsville, Louisiana, Blanchet is approximately 400 miles from this Court. Consequently, he is beyond the Northern District's subpoena power for deposition under Fed. R. Civ. P. 45(b)(2), and any trial subpoena for him to travel more than 100 miles would be subject to a motion to quash under Fed. R. Civ. P. 45(c)(3)(A)(ii). *See In re Vioxx Products Liab. Litig.*, 438 F. Supp. 2d 664, 667 (E.D. La. July 21, 2006); *see also* In *re Volkswagen*, 545 F.3d at 316. For these reasons, this factor supports transfer.

        c.     *Cost of attendance for willing witnesses*

The third private interest factor is the cost of attendance for willing witnesses. Though its Rule 26 Disclosure includes six individuals, four of whom reside in either Lafayette or Baton Rouge, Louisiana, SSI's Motion only identifies Alfred Leonpacher (Leonpacher's father) as a willing witness for whom transfer would be more convenient. *See* Mot. Trans. Ex. 16; Mot. Trans. 15. Mr. Leonpacher resides in Lafayette, Louisiana, which is approximately 400 miles from Dallas. As to him, it is clear that it would be more convenient if the case is tried in Louisiana.

Plaintiff similarly identifies many witnesses in her Rule 26 Disclosure. Mot. Trans. Ex. 17. Of the ten potential witnesses listed (other than SSI and Northwestern Mutual), all but two currently

reside outside Louisiana. It is not clear from Plaintiff's filings who among these would be willing witnesses for whom transfer might be inconvenient.

Because SSI has only identified Mr. Leonpacher as a witness for whom transfer would be preferable and Plaintiff has identified many for whom either venue would be inconvenient, the Court finds SSI has not demonstrated that this factor weighs in favor of transfer.

> d.   *All other practical problems that make trial of a case easy, expeditious and inexpensive*

The final private factor concerns all other practical problems that make trial of a case easy, expeditious and inexpensive. SSI argues that the locations of the witnesses and exhibits clearly indicate Louisiana is a more practical forum. Mot. Trans. 15. Further, because Plaintiff has already retained a Louisiana attorney, there is no practical barrier to having this matter tried in Louisiana. *Id.* Plaintiff counters that her need for Louisiana counsel is diminished because of the stay of the Louisiana state court proceeding. Pl.'s Resp. 21. In addition, she points out that SSI has hired Texas counsel and thus the present venue is no more inconvenient for SSI than Louisiana is for her. *Id.*

Because the Court has already acknowledged that ease of access to proof and compulsory attendance of Blanchet support transfer, it is reluctant to double-count these factors in the present analysis. Further, it is unconvinced by SSI's argument that because Plaintiff has retained Louisiana counsel transfer would be more practical. Consequently, the Court finds that SSI has not demonstrated that this factor weighs in favor of transfer.

> 2.   Public Factors

> a.   *Administrative difficulties flowing from court congestion*

The first public factor to consider is the administrative difficulties that flow from court congestion. Initially SSI argued this factor is inapplicable to the present motion. *See* Mot. Trans. 15.

However, Plaintiff maintains that the Western District of Louisiana is slower and more congested than the Northern District of Texas such that transfer would be inappropriate. Pl.'s Resp. 22. In particular, she notes that, as compared to civil cases in the Northern District of Texas, civil cases in the Western District of Louisiana take approximately four months longer to proceed from filing to disposition and approximately six months longer to proceed from filing to trial. *Id.* SSI does not dispute these differences, but argues they are insignificant, especially since this case could be narrowed or resolved by motion for summary judgment. *See* SSI Reply 9.

SSI's view regarding the Districts' varying degrees of congestion as well its determination that the case could be disposed of by motion for summary judgment do not convince the Court that these administrative issues weigh in favor of transfer. Consequently, the Court finds that this factor supports maintaining the present forum.

> b.    *Local interest in having localized interests decided at home*

SSI is adamant that transfer is appropriate because the Western District of Louisiana has extensive connections with relevant facts and events of the case. *See* Mot. Trans. 15-16. In particular, it highlights that SSI is a Louisiana corporation; the Policy was issued in Louisiana; and subsequent transfers of ownership of the Policy occurred in Louisiana. *See* SSI Reply 9. Plaintiff disagrees with the extent of Louisiana's connections and argues that the core of this case is a dispute between Plaintiff (a Texas resident) and Northwestern Mutual (a Wisconsin insurance company). *See* Pl.'s Resp. 22.

The Court recognizes that Plaintiff's underlying claim is for breach of contract with Northwestern Mutual. Nevertheless, the contract at issue and the events that have called into question her rights thereunder took place in Louisiana. Indeed, other than Plaintiff's residence here,

Texas has no connection to the present case. Consequently, the Court finds this factor weighs in favor of transfer.

>    c.    *Familiarity of the forum with the law that will govern the case*

SSI argues that this case necessarily involves Louisiana insurance, contract, corporate, and guardianship law. *See* SSI Reply 10. Though it recognizes that this Court is no doubt capable of deciding this matter, it points out that an experienced Louisiana federal judge might be more familiar with the "peculiarities" of that state's law. Mot. Trans. 16. Plaintiff does not dispute that this case involves Louisiana law. Instead she argues that SSI has failed to raise a novel issue of Louisiana law that this Court would need to decide. *See* Pl.'s Resp. 22-23. Further, she is confident that the Northern District of Texas is familiar enough with Louisiana law to rule. *Id.*

The Court agrees with the parties that this case requires application of Louisiana state law and, further, finds that a Louisiana federal judge would be more familiar with any issues or "peculiarities" that might arise thereunder. Consequently, the Court finds this factor supports transfer.

>    d.    *Avoidance of unnecessary problems of conflict of laws or in the application of foreign law*

The parties agree that there are no major conflict of law issues and foreign law does not apply. This factor is therefore neutral.

## IV.

## CONCLUSION

After considering the above factors, the Court finds that transfer would be for the convenience of parties and witnesses and in the interests of justice. *See* 28 U.S.C. § 1404(a).

Accordingly, the Court hereby **GRANTS** SSI's Motion and **ORDERS** the case **TRANSFERRED**

to the United States Court for the Western District of Louisiana, Lafayette Division.


       **So ordered.**

       **Signed October 10, 2013.**



                                      _____

                                      JANE J. BOYLE
                                      UNITED STATES DISTRICT JUDGE